```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


_____
                                  :
JAMES JUNIOR CONYERS,             :
                                  :
          Petitioner,             :   Civ. No. 14-7035 (NLH)
                                  :
     v.                           :   OPINION
                                  :
JORDAN HOLLINGSWORTH,             :
                                  :
          Respondent.             :
_____ :
```

APPEARANCES:
James Junior Conyers, # 25915-083
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
     Petitioner Pro se

HILLMAN, District Judge

   This matter is before the Court upon receipt of Petitioner's Motion to Amend and Supplement. (ECF No. 2).  For the reasons set forth below, Petitioner is granted leave to amend his petition, provided he submits his amended petition on the forms provided by the Clerk of the Court.

                    I.   PROCEDURAL HISTORY

   Petitioner James Junior Conyers is a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey.  On November 10, 2014, he paid the filing fee and filed a petition for writ of habeas corpus under the All Writs Act, 28 U.S.C. § 1651, and under Article I, § 9 of the Constitution.

(Pet. 4, ECF No. 1).  On August 24, 2015, Petitioner filed a "Motion to Amend and Supplement a Pending § 2241." (ECF No. 2).

## II.  DISCUSSION

### A. Jurisdiction

#### 1. Article I, § 9, Clause 2 of the Constitution

As an initial matter, the Court notes that Petitioner cannot file a petition for writ of habeas corpus pursuant to Article I, § 9, Clause 2 of the Constitution.  The reference to a Writ of Habeas Corpus in Article I, § 9, Clause 2 of the Constitution does not confer jurisdiction upon district courts. Rather, it simply places limitations on when the privilege of a writ of habeas corpus may be suspended. See U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").

Federal courts have jurisdiction and authority to issue writs of habeas corpus to federal prisoners only through the statutes enacted by Congress in 28 U.S.C. §§ 1651(a), 2241 and 2255; and, in extremely rare circumstances, through common law.[1]

---

[1] See Brian R. Means, Federal Habeas Manual § 5:5 (June 2013) ("Federal prisoners challenging their conviction or sentence must typically seek postconviction relief under 28 U.S.C.A. § 2255.  The § 2255 motion, however, is not a petition for writ of habeas corpus, and federal prisoners are generally precluded from challenging their convictions or sentences by way of habeas corpus pursuant to 28 U.S.C.A. § 2241.  Two exceptions to this rule exist.  First, a challenge to the execution of a sentence —

See e.g., Jackman v. Hollingsworth, No. 14-1799, 2015 WL 5693130, at *3 (D.N.J. Sept. 25, 2015) (collecting cases); United States v. Kirkpatrick, No. 1:96-CR81, 2009 WL 2823658, at *11 (E.D. Tenn. Aug. 28, 2009) ("Article I, § 9, Clause 2 is not itself an independent source of jurisdiction for federal courts to issue the writ of habeas corpus."); see also Modena v. United States, No. 1:13-CV-293, 2014 WL 1154612, at *6 (W.D. Mich. Mar. 21, 2014) (holding that federal courts lack jurisdiction to entertain writs for habeas corpus which demand relief based upon Article I, § 9, Clause 2 of the Constitution).

---

in contrast to the imposition of a sentence — is properly filed pursuant to 28 U.S.C.A. § 2241.  And second, on rare occasions, federal prisoners may attack their convictions and sentences pursuant to § 2241, as opposed to § 2255, if the § 2255 remedy is inadequate or ineffective.  Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C.A. § 1651(a).  The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  But this source of federal court power is to be used only in extraordinary circumstances.  And a movant cannot avoid the restrictions imposed on § 2255 motions by simply labeling the § 2255 motion as a petition for writ of error coram nobis.  The common law writ of audita querela remains available to petitioners who raise legal objections that are not cognizable under existing federal postconviction remedies and is used to attack a judgment that was correct when rendered, but later became incorrect because of circumstances that arose after the judgment was issued.  But a federal prisoner may not use the writ of audita querela where postconviction relief is available through § 2255 or coram nobis motions.  And equitable reasons alone, even of the most compelling nature, are insufficient to invoke audita querela.").

Accordingly, to the extent Petitioner intended to file his initial Petition (ECF No. 1) pursuant to Article I, § 9, Clause 2 of the Constitution, such a filing was improper and the Petition is subject to dismissal for lack of jurisdiction.  As a federal prisoner, any request for a writ of habeas corpus that Petitioner submits to a federal court is governed by 28 U.S.C. §§ 2241 or 2255.  See Modena v. United States, 450 F. App'x 119, 120 (3d Cir. 2011) (holding that petitioner's claim under Article I, § 9, Clause 2 of the Constitution should have been raised in a motion pursuant to 28 U.S.C. § 2255).

    2. All Writs Act, 28 U.S.C. § 1651

Likewise, the All Writs Act does not confer jurisdiction on the Court in this case.  The All Writs Act is a residual source of authority to issue writs in exceptional circumstances only. Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985); Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009).  Moreover, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Massey, 581 F.3d at 174 (internal quotation omitted) (cited in Jenkins v. United States, 450 F. App'x 103, 105 (3d Cir. 2011)).

Because, as set forth above, Petitioner's claims should have been raised in a motion pursuant to 28 U.S.C. §§ 2241 or 2255, the All Writs Act does not apply to Petitioner's claims.

See Jenkins, 450 F. App'x at 105 ("Jenkins' claims challenging his sentence should be raised in a § 2255 motion"). Thus, the All Writs Act does not provide a proper jurisdictional basis for the instant Petition.

    3. 28 U.S.C. § 2241

Petitioner subsequently filed his Motion to Amend or Supplement his Petition in order to assert an argument based on the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (ECF No. 2). In this Motion, Petitioner refers to his Petition as one filed pursuant to 28 U.S.C. § 2241. (ECF No. 2). Thus, despite his previously stated bases for jurisdiction — the All Writs Act and Article I, § 9, Clause 2 of the Constitution — Petitioner has clarified that his Petition is filed under § 2241. Without making any determination as to the merits of such a petition, the Court finds that the Petition is, at the least, filed pursuant to a viable source of jurisdiction.

    B. Form of the Petition

The Court notes that the Petition was not submitted using the habeas form supplied by the Clerk of the Court for § 2241 petitions. See AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (12/11). Local Civil Rule 81.2(a) requires use of the Court's form unless the petition is prepared by counsel.

Here, Petitioner filed the Petition pro se and failed to utilize the Court-provided forms.

Moreover, the Petition in this case fails to substantially follow the content of the form supplied by the Clerk and, as such, does not comport with Rule 2 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.  Thus, Petitioner will be required to submit an Amended Petition on Court-provided forms.  Requiring him to do so will assist him, and the Court, in determining the appropriateness of a petition under § 2241. See Habeas Rule 2, advisory committee's note ("Administrative convenience, of benefit to both the court and the petitioner, results from the use of a prescribed form.").

Accordingly, Petitioner will be granted leave to amend his Petition to assert an argument pursuant to Johnson.  Within 45 days of the date of this Order, Petitioner shall submit to the Court an amended Petition — submitted using the forms supplied by the Clerk of the Court — which sets forth all grounds for relief, and which otherwise comports with the Habeas Rules.

Petitioner is reminded that his Amended Petition is subject to screening pursuant to Habeas Rule 4. See Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.  In the event that Petitioner fails to submit an Amended

Petition within 45 days, the Court will conduct its sua sponte screening on the initial Petition, as filed.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Amend or Supplement his Petition (ECF No. 2) is granted.  Petitioner shall, within 45 days of the entry of this Order, submit an Amended Petition using the forms supplied by the Clerk of the Court.

An appropriate Order will be entered.

____s/ Noel L. Hillman____
NOEL L. HILLMAN
United States District Judge

Dated: October 27, 2015
Camden, New Jersey