```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

JAMES JUNIOR CONYERS,

    Petitioner,

    v.

JORDAN HOLLINGSWORTH,

    Respondent.

Civil No. 14-7035 (NLH)

**OPINION**

HILLMAN, District Judge:

    1.  On November 3, 2014, James Junior Conyers, who was incarcerated at FCI Fort Dix in New Jersey, at the time he filed the action, filed (under the mailbox rule) a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention pursuant to a sentence imposed on February 1, 2011, by the United States District Court for the Eastern District of North Carolina in <u>United States v. Conyers</u>, Crim. No. 10-0037-D-1 (E.D. N.C. filed Mar. 24, 2010).  (ECF No. 1.)

    2.  On August 19, 2015, Conyers filed (under the mailbox rule) a motion to amend and supplement the Petition based on the June 26, 2015, ruling of the Supreme Court in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015).  By Order and accompanying Opinion entered on October 27, 2015, the Court granted Conyers leave to file an amended petition.

    3.  On October 10, 2015, Conyers filed (under the mailbox

rule) an Amended Petition asking the Court to "[v]acate the ACCA sentence and sentence to time served or Transfer to the U.S. District Court, Raleigh, N.C." (ECF No. 5 at 8.)  He asserts that on February 1, 2011, the United States District Court for the Eastern District of North Carolina imposed a 180-month term of imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Relying on Johnson, he argues that his sentence should be vacated because the District Judge found that his 1993 breaking and entering, larceny, convictions were crimes of violence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), Johnson held that the residual clause of the ACCA is unconstitutional, and, absent sentencing as an armed career criminal, Conyers asserts that his sentence would have been limited to 78 months.

    4.   On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S.Ct. 1257 (2016), that the Johnson decision announced a substantive rule that applies retroactively in cases on collateral review.

    5.   The docket of the United States District Court for the Eastern District of North Carolina shows that by judgment entered on February 3, 2011, Judge James C. Dever, III, imposed a 180-month term of imprisonment based on Conyer's guilty plea to possession of a firearm by a convicted felon, in violation of

18 U.S.C. §§ 922(g)(1) and 924.  Conyers appealed and on December 8, 2011, the Fourth Circuit affirmed.  See United States v. Conyers, 457 F.App'x 229 (4th Cir. 2011).  There is no indication on the docket that Conyers filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.

    6.  As a responsive pleading in the instant action, the United States filed a motion to dismiss the § 2241 Petition or to transfer it to the sentencing court.  (ECF No. 10.)

    7.  Conyers filed this Petition under § 2241.  However, 28 U.S.C. § 2255(e) provides that a § 2241 petition "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . , unless it also appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

    8.  Because Conyers raised his Johnson claim in this Court within one year of the Supreme Court's issuance of Johnson on June 26, 2015, Conyers has not filed a § 2255 motion, and the statute of limitations under § 2255 begins to run from the date that the Supreme Court recognized a newly recognized right made retroactively applicable to cases on collateral review, see 28 U.S.C. § 2255(f)(3), it appears that Conyers' § 2241 petition

3

could be construed as a timely motion under § 2255. See <u>United States v. Moudy</u>, 2016 WL 3548421 (10th Cir. June 28, 2016).

9. Section 1631 of Title 28 of the United States Code provides that, [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed[.]" 28 U.S.C. § 1631.

10. The Court finds that transfer of this action to the United States District Court for the Eastern District of North Carolina is in the interest of justice because, as the sentencing court, that court may have jurisdiction to entertain the matter as a timely motion to vacate, pursuant to 28 U.S.C. § 2255, the judgment of conviction entered on February 3, 2011, in <u>United States v. Conyers</u>, Crim. No. 10-0037-D-1 judgment (E.D. N.C. Feb. 1, 2011).

11. An appropriate Order accompanies this Opinion.

                                                                          s/ Noel L. Hillman
                                                                          NOEL L. HILLMAN, U.S.D.J.

Dated: September 2, 2016

At Camden, New Jersey